Texas Medical Liability Trust et al v. The Hartford Accident and Indemnity Company, et al














IN THE
TENTH COURT OF APPEALS
 

No. 10-01-314-CV

     TEXAS MEDICAL LIABILITY TRUST,
     AMERICAN PHYSICIANS INSURANCE EXCHANGE,
     THE MEDICAL PROTECTIVE COMPANY,
     AND TEXAS MEDICAL LIABILITY
     INSURANCE UNDERWRITING ASSOCIATION,
                                                                              Appellants
     v.

     THE HARTFORD ACCIDENT AND
     INDEMNITY COMPANY, 
     FIRST STATE INSURANCE COMPANY,
     THE NORTH RIVER INSURANCE COMPANY,
     AND AETNA CASUALTY AND SURETY COMPANY,
                                                                              Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-132-97
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellants filed suit against Appellees seeking a declaratory judgment that Appellees have a
duty to defend Appellants under their insurance contracts in a number of lawsuits arising from
breast implants manufactured by Dow Corning Corporation. The trial court granted Appellees’
cross-motion for summary judgment rendering judgment that Appellants: (1) take nothing by their
suit; (2) reimburse Appellees for monies paid under an interim funding agreement; (3) pay
Appellees’ attorney’s fees and costs; and (4) pay pre-judgment and post-judgment interest.
      Appellants filed a motion to abate this appeal contending that the summary judgment may not
be a final, appealable judgment because it does not specify the amount of attorney’s fees to be paid
and does not adequately specify the amount of pre-judgment interest to be paid. Appellants asked
that we abate this appeal for clarification of the judgment. Appellees filed a response expressing
their view that the judgment is not final and not opposing an abatement.
      We abated this appeal by Order dated December 19, 2001 for clarification of the summary
judgment. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 206 (Tex. 2001). The abatement
order provided in pertinent part:
The abatement period shall end on January 7, 2002, and the appeal will be reinstated. 
If no clarification order has been received, the appeal will, because the parties agree that
the order appealed from is not final, be dismissed for want of jurisdiction.

Texas Med. Liab. Trust v. Hartford Accident & Indem. Co., No. 10-01-314-CV, slip op. at 2
(Tex. App.—Waco Dec. 19, 2001, order) (not designated for publication).
      We reinstated the appeal on January 17, 2002. To date, no clarification order has been
received. Because the judgment is not final, we dismiss the appeal for want of jurisdiction. See
Lehmann, 39 S.W.3d at 195.
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed January 23, 2002
Do not publish
[CV06]